### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

DONNE DAWSON, Special Administrator of
the Estate of Christopher M. Dawson,

*Plaintiff*,

v.

U.S. SMALL BUSINESS
ADMINISTRATION,

*Defendant*.

Civ. A. No. 25-3768 (CKK)

### <u>ANSWER</u>

The United States Small Business Administration ("Defendant" or "SBA"), through undersigned counsel, hereby answers the complaint of Donne Dawson, Special Administrator to the Estate of Christopher M. Dawson, ("Plaintiff"), Complaint, ECF No. 1, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

### RESPONSES TO THE NUMBERED PARAGRAPHS OF THE COMPLAINT

Defendant denies all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action.

Defendant responds to the separately numbered paragraphs and requests for relief in the Complaint as follows:

1.      Paragraph 1 seeks to characterize the substance of Plaintiff's lawsuit, to which no response is necessary. To the extent that a response is deemed necessary, Defendant admits that Plaintiff purports to bring a lawsuit against the SBA under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Defendant denies the remaining allegations in this paragraph.

2.      Paragraph 2 seeks to characterize the document(s) requested be produced by Defendant through Plaintiff's lawsuit, to which no response is necessary. To the extent that a response is deemed necessary, Defendant admits that Plaintiff is seeking to compel Defendant to produce a document under FOIA, 5 U.S.C. § 552, and that it possesses one or more records potentially responsive to Plaintiff's FOIA request.  Defendant denies the remaining allegations in this paragraph.

3.      Paragraph 3 sets forth Plaintiff's speculative conclusions, to which no response is required. To the extent that a response is deemed necessary, Defendant admits that SBA conducted an investigation regarding Hawaiian Native Corporation and Christopher Dawson, that Plaintiff is seeking to compel Defendant to produce a document under FOIA, 5 U.S.C. § 552, that it possesses one or more records potentially responsive to Plaintiff's FOIA request, and that the SBA had not produced any records as of the filing of the complaint in this action.  Defendant denies the remaining allegations in this paragraph.

4.      Paragraph 4 sets forth statements regarding Plaintiff's motivations for initiating this lawsuit, to which no response is required. To the extent that a response is deemed necessary, Defendant admits that Plaintiff is seeking to compel Defendant to produce a document under FOIA, 5 U.S.C. § 552, that it possesses one or more records potentially responsive to Plaintiff's FOIA request, and that the SBA had not produced any records as of the filing of the complaint in this action.  Defendant denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE[1]

5.      Paragraph 5 sets forth legal conclusions, to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over this matter subject to the terms and limitations of FOIA

6.      Paragraph 6 sets forth legal conclusions, to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this judicial district for appropriate FOIA challenges, subject to the terms and limitations of FOIA.

## PARTIES

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.      Defendant admits that SBA is an agency of the Executive Branch of the United States Government within the meaning of 5 U.S.C. § 552(f)(1). Defendant admits that it possesses one or more records potentially responsive to Plaintiff's FOIA request.

## BACKGROUND

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 regarding the Hawaiian Native Corporation "subsidiaries" and "the DAWSON Companies."    Defendant admits that Hawaiian Native Corporation has participated in SBA's Business Development Program.

10.      The allegations in this paragraph are background facts, do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure ("Rule") 12(f).

---

[1]      For ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

11.     The allegations in this paragraph are background facts, do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

12.     Paragraph 12 sets forth statements regarding Plaintiff's motivations for submitting requests to SBA under the Freedom of Information Act, to which no response is required.  To the extent that a response is deemed necessary, Defendant admits that Plaintiff submitted a FOIA request to SBA on or about August 22, 2024, that Defendant possesses one or more records potentially responsive to Plaintiff's FOIA request, and that the SBA had not produced any records as of the filing of the complaint in this action.  Defendant denies the remaining allegations in this paragraph.

13.     Paragraph 13 is an apparent restatement of part of Plaintiff's FOIA request, and Defendant respectfully refers the Court to Plaintiff's FOIA request (ECF No. 1-1) for a full, complete, and accurate statement of its contents and denies any allegation inconsistent therewith.

14.     Paragraph 14 is an apparent restatement of part of Plaintiff's FOIA request, and Defendant respectfully refers the Court to Plaintiff's FOIA request (ECF No. 1-1) for a full, complete, and accurate statement of its contents and denies any allegation inconsistent therewith.

15.     Denied.  Defendant assigned tracking number SBA-2024-006428 to another FOIA request filed by Plaintiff.  Defendant respectfully refers the Court to SBA's email (ECF No. 1-2) for a full, complete, and accurate statement of its contents and denies any allegation inconsistent therewith

16.     Defendant admits that it had not produced any records as of the filing of the complaint in this action.  Any other allegations in this paragraph 16 are denied.  On November 25, 2025, Defendant sent Plaintiff a status letter via email regarding this FOIA request identified in

paragraph 15, above.  Defendant respectfully refers the Court to Defendant's letter, attached hereto, for a full, complete, and accurate statement of its contents.

17.     Paragraph 17 is an apparent restatement of part of Plaintiff's FOIA request, and Defendant respectfully refers the Court to Plaintiff's FOIA request (ECF No. 1-3) for a full, complete, and accurate statement of its contents and denies any allegation inconsistent therewith.

18.     Denied.  On September 3, 2024, Defendant acknowledged Plaintiff's FOIA request identified in paragraph 17, above, and assigned it FOIA number SBA-2024-006428.   Defendant respectfully refers the Court to SBA's email (ECF No. 1-2) for a full, complete, and accurate statement of its contents and denies any allegation inconsistent therewith.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552

19.     Defendant incorporates its responses to Paragraphs 1–17 above as if fully set forth herein.

20.     Defendant admits that SBA is an agency of the Executive Branch of the United States Government within the meaning of 5 U.S.C. § 552(f)(1).

21.     Defendant admits that Plaintiff submitted a FOIA request to SBA dated August 22, 2024.  Defendant respectfully refers the Court to Plaintiff's FOIA request (ECF No. 1-1) for a full, complete, and accurate statement of its contents and denies any allegation inconsistent therewith.

22.     Paragraph 22 sets forth a legal conclusion and argument, to which no response is required. To the extent a response is required, Defendant refers the Court to Plaintiff's FOIA request (ECF No. 1-1) for a full, complete, and accurate statement of its contents and denies any allegation inconsistent therewith.

23.     Defendant admits that SBA acknowledged receipt of Plaintiff's FOIA request on November 25, 2025, and assigned FOIA Control No. SBA-2026-00326 to Plaintiff's FOIA

request. Defendant respectfully refers the Court to the acknowledgement attached hereto for a full, complete, and accurate statement of its contents and denies any allegation inconsistent therewith. Defendant admits that, as of the filing of Plaintiff's complaint, it had not made any production of records to Plaintiff.  Defendant denies the remaining allegations at paragraph 23.

24.    Defendant admits that Plaintiff submitted a FOIA request to SBA dated August 30, 2024.  Defendant respectfully refers the Court to Plaintiff's FOIA request (ECF No. 1-3) for a full, complete, and accurate statement of its contents and denies any allegation inconsistent therewith.

25.    Paragraph 25 sets forth a legal conclusion and argument, to which no response is required. To the extent a response is required, Defendant refers the Court to Plaintiff's FOIA request (ECF No. 1-3) for a full, complete, and accurate statement of its contents and denies any allegation inconsistent therewith.

26.    Defendant admits that, as of the filing of Plaintiff's complaint, it had not made any production of records to Plaintiff.  Defendant denies the remaining allegations at paragraph 26.

27.    Defendant admits that it had not made any production of records to Plaintiff within twenty business days of receiving Plaintiff's FOIA requests.  Defendant further admits that, for FOIA request number SBA-2026-000326, it sent Plaintiff a status letter on November 25, 2025 and otherwise denies the allegations in Paragraph 27.

28.    Paragraph 28 consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that Plaintiff has exhausted administrative remedies.

29.    Paragraph 29 consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies.

30.     Paragraph 30 consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies.

## REQUESTED RELIEF

The remaining portion of Plaintiff's Complaint contains its request for relief, to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

1.     Plaintiff is not eligible for or entitled to attorneys' fees and costs.

2.     Any relief is limited to that provided for under 5 U.S.C. § 522(a)(4)(B).

3.     Plaintiff is not entitled to compel production of responsive records protected from disclosure by one or more exemptions or exclusions to FOIA, 5 U.S.C. § 552, as amended.

4.     To the extent that Defendant has exercised due diligence in processing Plaintiff's request and exceptional circumstances exist, Defendant reserves the right to pursue relief, including additional time to process the request. 5 U.S.C. § 552(a)(6)(C).

\*  \*  \*

Dated:  January 7, 2026                    Respectfully submitted,

                                           JEANINE FERRIS PIRRO
                                           Interim United States Attorney

                                  By:      _____/s/ *Sian Jones*_____
                                           SIAN JONES, D.C. BAR No. 1024062
                                           Assistant United States Attorney
                                           U.S. Attorney's Office
                                           601 D Street, N.W. - Civil Division
                                           Washington, D.C. 20530
                                           (202) 252-2578


                                           *Attorneys for the United States of America*

OF COUNSEL:

ERIC S. BENDERSON
Associate General Counsel for Litigation
U.S. Small Business Administration

ARLENE M. EMBREY
Trial Attorney and FOIA Counsel
Office of the General Counsel
U.S. Small Business Administration
409 3rd Street, S.W.
Washington, D.C. 20416
(202) 205-6976